UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DION SCOTT BUCKELEW,<br>CDCR #BS-1324,<br><br>         Plaintiff,<br><br>vs.<br><br>CAPTAIN LOVELACE, et al.,<br><br>         Defendants. | Case No.:  23-cv-83-MMA (JLB)<br><br>**ORDER: DENYING MOTION TO PROCEED IN FORMA PAUPERIS PURSUANT TO 28 U.S.C. § 1915(a); AND**<br><br>[Doc. No. 2]<br><br>**DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILURE TO PREPAY FILING FEES REQUIRED BY 28 U.S.C. § 1914(a)** |

   Plaintiff Dion Scott Buckelew, a state prisoner currently incarcerated at the California State Prison, Los Angeles County, in Lancaster, California, is proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.  Doc. No. 1.  Plaintiff claims his federal constitutional rights were violated while he was housed at the San Diego County Central Jail.  *Id.* at 6–10.  He did not pay the civil filing fee required by 28 U.S.C. § 1914(a) and has instead filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a).  Doc. No. 2.

All parties instituting any civil action in a district court of the United States, except a petition for writ of habeas corpus, must pay a filing fee of $402, and the action may proceed despite a failure to prepay the entire fee only if leave to proceed IFP is granted pursuant to 28 U.S.C. § 1915(a).[1]  *See* 28 U.S.C. § 1914(a); *Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007).  Plaintiffs who wish to proceed IFP must establish their inability to pay the civil filing fee by filing an affidavit attesting to their income and assets.  *See Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015).  Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005).

Plaintiff has submitted a copy of his inmate trust account in support of his IFP Motion which indicates he had $560.81 on account at the time of filing this action and an average monthly balance in the account of $1,142.61 during the 6-month period immediately proceeding the filing of his Complaint.  Doc. No. 2 at 5.  Because Plaintiff has failed to demonstrate an inability to pay the $402 civil filing fee in this action, the Court **DENIES** Plaintiff's Motion to Proceed In Forma Pauperis and **DISMISSES** this action without prejudice for failure to prepay the filing fee as required by 28 U.S.C. § 1914(a).  Plaintiff is **GRANTED** forty-five (45) days leave from the date this Order is filed to prepay the entire $402 civil filing and administrative fee in full.

**IT IS SO ORDERED**.

Dated: January 20, 2023

HON. MICHAEL M. ANELLO
United States District Judge

---

[1] In addition to a $350 fee, civil litigants, other than those granted leave to proceed IFP, must pay an additional administrative fee of $52.  *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2020)).