UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DION SCOTT BUCKELEW,<br>CDCR #BS-1324,<br><br>         Plaintiff,<br><br>vs.<br><br>CAPTAIN DARNELL, et al.,<br><br>         Defendants. | Case No.: 23-cv-83-MMA (JLB)<br><br>**ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND PURSUANT TO 28 U.S.C. § 1915A(b)** |

  On January 13, 2023, Plaintiff Dion Scott Buckelew, a state prisoner proceeding *pro se*, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983, along with a motion to proceed *in forma pauperis*. Doc. Nos. 1–2. Plaintiff alleged that while in the custody of the San Diego County Sheriff from February 2020 until March 2022, he was subjected to the excessive use of force, deliberate indifference to his medical needs, unconstitutional conditions of confinement, denial of due process, loss of personal and legal property, and denial of access to the courts. Doc. No. 1 at 2–10. After the Court denied his *in forma pauperis* motion, Plaintiff paid the filing fee. Doc. Nos. 3–4.

  On February 27, 2023, the Court dismissed the Complaint for failure to state a claim pursuant to 28 U.S.C. § 1915A(b). Doc. No. 5. Plaintiff was notified of the

deficiencies of his pleading and granted leave to amend. *Id* at 3–19. He was notified that any Defendants not renamed and any claims not realleged would be considered waived. *Id*. at 19. On April 3, 2023, Plaintiff timely filed a First Amended Complaint ("FAC"). Doc. No. 6. The FAC renames nine of the twelve Defendants from the original Complaint, adds a retaliation claim, and realleges all claims presented in the original Complaint except the loss of property and access to courts claims. *Id*.

## I. Screening Pursuant to § 1915A(b)

### A. Standard of Review

Because Plaintiff is a prisoner, the Court must conduct an initial review of the FAC under 28 U.S.C. § 1915A, which "mandates early review - 'before docketing . . . or . . . as soon as practicable after docketing' - for all complaints 'in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.'" *Chavez v. Robinson*, 817 F.3d 1162, 1168 (9th Cir. 2016) (quoting 28 U.S.C. § 1915A(a)). Under 28 U.S.C. § 1915A(b), the Court must *sua sponte* dismiss a prisoner's complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010). Section 1915A screening "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012).

Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting

that standard.  *Id.*

Title 42 U.S.C. § 1983 "creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001).  "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

**B.     Analysis**

Plaintiff alleges that while a pretrial detainee in the custody of the San Diego County Sheriff from February 2020 until March 2022, he was subjected to the excessive use of force, deliberate indifference to his medical needs, retaliation, unconstitutional conditions of confinement, and denial of due process.  Doc. No. 6 at 5–9.

1.     Count One

In count one of the FAC Plaintiff alleges that on or about February 13, 2020, after he had fallen out of his wheelchair in medical distress, Defendant San Diego County Sheriff's Deputy Banks picked him up "by his shirt collar and shoved plaintiff back into his wheelchair calling plaintiff a 'fucking piece of shit' several times."  Doc. No. 6 at 5. "Banks then put waist chains and shackles on plaintiff as tight as he could, cutting off circulation and causing extreme pain, suffering, anxiety, panic and mental distress." *Id*. He "continues to experience severe panic and anxiety when being chained and shackled by guards as a result of this unlawful and unconstitutional attack by Defendant Banks." *Id*.  "Plaintiff told Banks that the chains were too tight and digging into his flesh, which Banks ignored." *Id*.  "Plaintiff also told the female deputy corporal that rode in the ambulance with plaintiff that the chains and shackles were too tight [and that] approximately an hour passed at the hospital before she finally loosened the restraints and removed the shackles.  The restraints were not put on plaintiff by Banks to keep him in his wheelchair, but to cause plaintiff harm and for the transport to hospital." *Id*.  Plaintiff states he was hospitalized for two weeks as a result of a serious infection which had

caused him to fall out of his wheelchair. *Id.*

Because Plaintiff alleges he was a pre-trial detainee at the time of the events in the FAC, the Court will apply an objective test under the Fourteenth Amendment. *See Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979) (noting that the Due Process Clause of the Fourteenth Amendment is applicable to claims of pre-trial detainees rather than the Eighth Amendment); *Kingsley v. Hendrickson*, 576 U.S. 389, 398 (2015) ("[A] pretrial detainee can prevail [on an excessive use of force claim] by providing only objective evidence that the challenged governmental action is not rationally related to a legitimate governmental objective or that it is excessive in relation to that purpose."). "[T]he Supreme Court has instructed that mere lack of due care by a state official does not" violate the Fourteenth Amendment. *Castro v. City of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016) (en banc) (internal quote marks omitted). A pretrial detainee must allege "more than negligence but less than subjective intent - something akin to reckless disregard." *Id*. To state a claim for unconstitutional conditions of confinement, a pre-trial detainee must plausibly allege: "(i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved - making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused plaintiff's injuries." *Gordon v. County of Orange*, 888 F.3d 1118, 1125 (9th Cir. 2018).

As noted in the Court's prior Order dismissing the original Complaint, *see* Doc. No. 5 at 4, the allegations that Defendant Banks verbally harassed and abused Plaintiff fail to state a Fourteenth Amendment claim under § 1983. *See Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996), amended by 135 F.3d 1318 (9th Cir. 1998) (verbal harassment is not cognizable as a constitutional deprivation under § 1983); *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987) (vulgar language directed at inmate does not

state a constitutional claim under § 1983).

Plaintiff's allegation that Defendant Banks placed him in restraints that were too tight also fails to state a Fourteenth Amendment claim. Plaintiff alleges he informed Defendant Banks that the restraints "were too tight and digging into his flesh," but the transportation deputy refused to loosen them until he had been at the hospital for an hour, and that he was placed in them for the purpose of "transport to hospital." Doc. No. 6 at 5. There are no factual allegations that plausibly allege Banks placed Plaintiff in restraints that were so tight as to go beyond what was necessary to transport him to the hospital or secure him as a prisoner once at the hospital. Plaintiff has not plausibly alleged that a reasonable officer would have appreciated that there existed a high degree of risk with respect to how tight the restraints were because the restraints were not alleged to have been so unreasonably tightly placed on Plaintiff by Defendant Banks so as to be required to be loosened by the transport officer during the trip to the hospital or for the first hour at the hospital. *See Gordon*, 888 F.3d at 1125 (the conditions must have put the plaintiff at substantial risk of suffering serious harm and a showing must be made that "the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved - making the consequences of the defendant's conduct obvious"); *Iqbal*, 556 U.S. at 678 ("Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.") (quote marks omitted). Plaintiff's allegation that the tightness of the restraints exacerbated the symptoms he was already suffering are entirely conclusory, lacking any factual allegations as to why the alleged excessive tightness of the restraints had that effect or caused an injury. *See Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim.). Plaintiff has not plausibly alleged "objective evidence that the challenged governmental action is not rationally related to a legitimate governmental objective [of transporting him to the hospital for medical care] or that it is excessive in

relation to that purpose." *Kingsley*, 576 U.S. at 398; *see also Graham v. Connor*, 490 U.S. 386, 395 (1989) (reasonableness is the touchstone of a Fourteenth Amendment analysis).

Accordingly, Plaintiff's Fourteenth Amendment claim against Defendants Banks and in count one of the FAC is dismissed *sua sponte* for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A(b)(1).

   2. Count Two

Plaintiff alleges in count two that on or about June 7, 2021, Defendant San Diego County Sheriff's Deputy Bastain "did maliciously and sadistically verbally and subsequently physically assault plaintiff on approx. four (4) consecutive instances within approx. fifteen (15) minutes." Doc. No. 6 at 6. When Plaintiff asked to see a Sergeant or Lieutenant "to press charges of assault" on Defendant Bastain, "Bastain pushed Plaintiff into a 'side cell' as punishment." *Id*. San Diego County Sheriff's Deputy Sergeant Kimberly, who was named as a Defendant in the Complaint but not in the FAC, "told plaintiff to file a grievance." *Id*. Defendant Bastain then pushed Plaintiff back to his cell and placed him on a 78-hour lockdown "without a hearing, violating due process." *Id*. Defendant Bastain had "got mad at plaintiff for asking about what Title 15 stated about haircuts. The attack was for retalions [sic] for plaintiff submitting inmate grievances, where at least two (2) were against the Defendant, this infuriated Bastain. Bastain was so angry he was screaming in the plaintiff's face uncontrollably." *Id*.

As the Court noted in its prior dismissal Order, the allegation that Defendant Bastain locked Plaintiff down for 78 hours without a hearing fails to state a due process claim because it is entirely conclusory, and the allegations that Defendant Bastain yelled, screamed and assaulted Plaintiff on four occasions within a fifteen-minute span and pushed Plaintiff in his wheelchair into a side cell as punishment fail to state a claim because Plaintiff provides no details regarding the nature of the alleged assaults. *See* Doc. No. 5 at 8. "Not every malevolent touch by a prison guard gives rise to a federal cause of action" and "[a]n inmate who complains of a push or shove that causes no

discernable injury almost certainly fails to state a valid excessive force claim." *Wilkins v. Gaddy*, 559 U.S. 34, 37–38 (2010) (citations and quote marks omitted). Plaintiff provides no allegations whatsoever describing the nature of the "assaults" by Defendant Bastain and therefore fails to plausibly allege "objective evidence that the challenged governmental action is not rationally related to a legitimate governmental objective or that it is excessive in relation to that purpose." *Kingsley*, 576 U.S. at 398. Rather, the FAC continues to present entirely conclusory allegations of "assault" and verbal harassment by this Defendant. *Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim).

Plaintiff alleges that Defendant Bastain attacked him in retaliation "for plaintiff submitting inmate grievances, where at least two (2) were against the Defendant, this infuriated Bastain." Doc. No. 6 at 6. "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (2005); *Nyland v. Calaveras Cty Sheriff's Jail*, 688 F.App'x 483, 485 (9th Cir. 2017) (applying *Rhodes* to a pretrial detainee). Plaintiff must allege a causal connection between the adverse action and his protected conduct. *Watison v. Carter*, 668 F.3d 1108, 1114 (9th Cir. 2012).

Although the filing of inmate grievances is protected activity, Plaintiff presents no factual allegations that plausibly suggest Defendant Bastain acted with a retaliatory motive or without a legitimate penological purpose, only conclusory allegations, and therefore fails to state a retaliation claim. *See Soranno's Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1314 (9th Cir. 1989) (plaintiff must show that the protected conduct was a "substantial" or "motivating" factor in the defendant's decision to act); *Wood v. Yordy*, 753 F.3d 899, 905 (9th Cir. 2014) ("We have repeatedly held that mere speculation that

defendants acted out of retaliation is not sufficient."); *Huskey v. City of San Jose*, 204 F.3d 893, 899 (9th Cir. 2000) (a plaintiff must establish a nexus between the retaliatory act and his protected activity); *Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995) ("The plaintiff bears the burden of pleading and proving the absence of legitimate correctional goals for the conduct of which he complains."); *Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim).

Accordingly, Plaintiff's First and Fourteenth Amendment claims against Defendant Bastain in count two of the FAC are dismissed *sua sponte* for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A(b)(1).

3.  Count Three

Plaintiff alleges in count three that on or about September 18, 2021, he "was shoved out of his wheelchair" by Defendants San Diego County Sheriff's Deputies Holman and Lira after he "peacefully declined a third cellee in a cell that was built for one or two men at the most." Doc. No. 6 at 7. "After the assault by Holman and Lira, Plaintiff was on the ground in severe spasms, exacerbated P.T.S.D. symptoms, exacerbated primary progressive multiple sclerosis, fear, mental and physical anguish." *Id*. He was "loaded up on a stokes basket and onto a gurney" and taken to the infirmary, where he was placed on the floor still in the stokes basket. *Id*. at 8.

At the infirmary, Plaintiff begged Defendant Carie, a Nurse Practitioner at the San Diego Jail, to call 911 but she refused. *Id*. He asked several times for medication to help alleviate his spasms, but Nurse Practitioner Carie refused and instructed the deputies to place Plaintiff in a side cell. *Id*. Defendant San Diego County Sheriff's Deputy Morra "picked up the foot end of the stokes basket [and] drug the stokes basket and the plaintiff into the side cell with the plaintiff being dragged upside down with all of his weight on his head, neck and upper torso causing plaintiff to cry out in pain." *Id*. Defendant Morra dropped the foot end of the stokes basket from approx. four (4) feet off of the ground [which] caused the plaintiff to cry out even more in pain." *Id*. Defendant Morra then

stated, "that's how you do that shit." *Id*. Plaintiff laid on the floor for several hours "in severe muscle spasms, suffering exacerbated symptoms of P.T.S.D. and P.P.M.S, scared, having anxiety and pain throughout his body." *Id*. at 7–8. He alleges that Defendant Nurse Practitioner Carie "had the authority of dispense medication to the plaintiff for all of these painful symptoms and refused to administer any medication. Holman, Lira, Morra and N/P Carie all knew the plaintiff's medical conditions, as Plaintiff was in custody of the San Diego County Sheriff's Dept. for approx. three (3) years to which plaintiff was in medical distress on multiple occasions that the Defendants rendered aid at one time or another." *Id*. at 8. Defendant Holman took Plaintiff to the "hole" in order to keep him "from contacting any advocates regarding the assaults and deliberate indifference," where he stayed for two weeks. *Id*. He was then hospitalized for 35 days. *Id*. Plaintiff alleges Defendant San Diego County Sheriff's Deputy Navarro authorized his placement in the hole. *Id*.

With respect to the allegations that Defendants Holman and Lira removed Plaintiff from his wheelchair and placed him in a stokes basket and then onto a gurney in order to take him to the infirmary where Defendant Morra placed him on the floor in the basket, there are no allegations which plausibly suggest their actions were "not rationally related to a legitimate governmental objective [such as providing medical care] or excessive in relation to that purpose," *Kingsley*, 576 U.S. at 398, so as to violate the Fourteenth Amendment. Lacking factual allegations which plausibly suggest the manner in which the Defendants used the stokes basket to transport Plaintiff to the infirmary was excessive in relation their purpose of transporting Plaintiff to the infirmary to obtain medical care, Plaintiff has not stated a claim. *See Gordon*, 888 F.3d at 1125 (holding that in order to state a § 1983 claim for unconstitutional conditions of confinement a pre-trial detainee must plausibly allege that he was placed at a "substantial risk of suffering serious harm" and "the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved - making the consequences of the defendant's conduct obvious"); *Castro*,

833 F.3d at 1071 (a plaintiff must allege "more than negligence but less than subjective intent - something akin to reckless disregard").  The FAC contains no factual allegations connecting the distress Plaintiff experienced after being removed from the stokes basket from necessity of transport to the infirmary.  *See Wilkins*, 559 U.S. at 37–38 ("Not every malevolent touch by a prison guard gives rise to a federal cause of action" and "[a]n inmate who complains of a push or shove that causes no discernable injury almost certainly fails to state a valid excessive force claim.").

Plaintiff next alleges Nurse Practitioner Carie refused to call 911 or provide medication to alleviate spasms, and instructed deputies to place him in a side cell.  A pretrial detainee can allege a Fourteenth Amendment claim arising from the lack of adequate medical care "by providing only objective evidence that the challenged governmental action is not rationally related to a legitimate governmental objective or that it is excessive in relation to that purpose."  *Kingsley*, 576 U.S. at 398.  Differences of opinion over medical care, inadequate medical treatment, medical malpractice, or even gross negligence by themselves do not rise to the level of a Fourteenth Amendment violation.  *See Estelle v. Gamble*, 429 U.S. 97, 105–06 (1976) (holding that "an inadvertent failure to provide medical care," allegations that "a physician has been negligent in diagnosing or treating a medical condition," or "medical malpractice" do "not become a constitutional violation merely because the victim is a prisoner").

Plaintiff alleges that when he arrived at the infirmary Defendant Nurse Practitioner Carie refused to call 911 or give him medication to help alleviate the spasms.  Plaintiff has not plausibly alleged that refusing his request to call 911 to report his alleged medical emergency from inside a jail infirmary amounted to an action which was "not rationally related to a legitimate governmental objective or that it is excessive in relation to that purpose," *Kingsley*, 576 U.S. at 398, so as to violate the Fourteenth Amendment.  The allegation that Nurse Practitioner Carie refused his request for medication to control his muscle spasms does not plausibly allege such medication existed or was available, as Plaintiff includes only conclusory allegations that this Defendant had authority to

dispense unspecified medications and had treated Plaintiff on past unspecified occasions for past unspecified reasons. *See Estelle*, 429 U.S. at 106 (holding that inadvertent failure to provide medical care, mere negligence or medical malpractice and differences of opinion over what treatment is proper, do not state a constitutional claim); *Iqbal*, 556 U.S. at 678 ("Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'") (quoting *Twombly*, 550 U.S. at 557).

Plaintiff's allegation that Defendant San Diego County Sheriff's Deputy Navarro authorized his placement in the hole is too conclusory to state a due process claim. The Supreme Court has explained that only some disciplinary placements implicate due process. *Sandin v. Conner*, 515 U.S. 472, 484–85 (1995). Prisoners have protected liberty interests only where the contemplated restraint "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id*. To determine the existence of atypical and significant hardships, the Court considers: "1) whether the challenged condition 'mirrored those conditions imposed upon inmates in administrative segregation and protective custody,' and thus comported with the prison's discretionary authority; 2) the duration of the condition, and the degree of restraint imposed; and 3) whether the state's action will invariably affect the duration of the prisoner's sentence." *Ramirez v. Galaza*, 334 F.3d 850, 861 (9th Cir. 2003) (quoting *Sandin*, 515 U.S. at 486–87); *see also Wilkinson v. Austin*, 545 U.S. 209, 223 (2005) ("After *Sandin*, it is clear that the touchstone of the inquiry into the existence of a protected, state-created liberty interest in avoiding restrictive conditions of confinement is . . . the nature of those conditions themselves 'in relation to the ordinary incidents of prison life.'") (quoting *Sandin*, 515 U.S. at 484). Plaintiff has not stated a due process claim by merely alleging Defendant Holman took him to the "hole" or alleging Defendant Navarro authorized his placement there.

Accordingly, Plaintiff's claims against Defendants Holman, Lira, Morra, Carie, and Navarro in count three of the FAC are dismissed *sua sponte* for failure to state a

claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A(b)(1).

   4.   *Count Four*

Plaintiff alleges in count four that from March 2021 to March 2022, Defendants Navarro, San Diego Sheriff's Deputy Captain Darnell and San Diego Sheriff's Deputy Sergeant Madden housed him in cells with black mold even after Plaintiff made them aware of the mold on multiple occasions. Doc. No. 6 at 9. Plaintiff states that he "suffers frequent headaches as a result of this confinement" and "suffers primary progressive multiple sclerosis, severe post traumatic stress disorder, migraines, history of pneumonia, blood clots in his lungs, history of asthma and other illnesses. Some symptoms are a direct result of being forced to live in cells containing black mold." *Id*.

"Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care and personal safety." *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000). Although "subjection of a prisoner to lack of sanitation that is severe or prolonged can" rise to the level of a constitutional violation, the temporary imposition of such conditions does not state a claim absent allegations of a risk of harm. *Anderson v. County of Kern*, 45 F.3d 1310, 1314–15 (9th Cir. 1995). The allegations in the FAC are entirely conclusory regarding placement in cells with black mold with respect to the duration of the stay, the severity of the exposure to the mold, or who made the decisions to place Plaintiff in those cells and when. *Johnson*, 217 F.3d at 731 ("The circumstances, nature, and duration of a deprivation of [sanitation] must be considered in determining whether a constitutional violation has occurred."); *Iqbal,* 556 U.S. at 678 (noting that a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face"); *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) ("The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation."); *Iqbal*, 556 U.S. at 678 (the pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"); *Castro*, 833 F.3d at 1071 (a plaintiff must allege "more than negligence but less than

subjective intent - something akin to reckless disregard").

Accordingly, Plaintiff's Fourteenth Amendment claims in count four of the FAC against Defendants Madden, Navarro and Darnell are dismissed *sua sponte* for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A(b)(1).

## C.  Leave to Amend

In light of Plaintiff's *pro se* status, the Court grants him a final opportunity to amend his pleading to attempt to sufficiently allege a § 1983 claim. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (quotation marks omitted).

## II. CONCLUSION

Good cause appearing, the Court *sua sponte* **DISMISSES** all claims in Plaintiff's First Amended Complaint against all Defendants without prejudice and with leave to amend for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A(b).  The Court **GRANTS** Plaintiff forty-five (45) days leave from the date of this Order in which to file a Second Amended Complaint that cures the deficiencies of pleading noted in this Order.  Plaintiff's Second Amended Complaint must be complete by itself without reference to any previous version of his Complaint.  Any Defendants not re-named and any claims not re-alleged in the Second Amended Complaint will be considered waived.  *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.")

**IT IS SO ORDERED.**

Dated:  April 21, 2023

HON. MICHAEL M. ANELLO
United States District Judge