UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DION SCOTT BUCKELEW, CDCR #BS-1324,<br><br>　　　　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>CAPTAIN DARNELL, et al.,<br><br>　　　　　　　　　　　　　Defendants. | Case No.: 23-cv-83-MMA (JLB)<br><br>**ORDER OVERRULING PLAINTIFF'S OBJECTIONS TO SCREENING ORDER**<br><br>[Doc. No. 10] |

　　　On January 13, 2023, Plaintiff Dion Scott Buckelew, a state prisoner proceeding *pro se*, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983, along with a motion to proceed *in forma pauperis*. Doc. Nos. 1–2. Plaintiff alleged that while in the custody of the San Diego County Sheriff from February 2020 until March 2022, he was subjected to the excessive use of force, deliberate indifference to his medical needs, unconstitutional conditions of confinement, denial of due process, loss of personal and legal property, and denial of access to the courts. Doc. No. 1 at 2-10. After the Court denied his *in forma pauperis* motion, Plaintiff paid the filing fee. Doc. Nos. 3–4.

　　　On February 27, 2023, the Court dismissed the Complaint for failure to state a claim pursuant to 28 U.S.C. § 1915A(b). Doc. No. 5. Plaintiff was notified of the

deficiencies of his pleading and granted leave to amend. *Id.* at 3–19. He was notified that any Defendants not renamed and any claims not realleged would be considered waived. *Id.* at 19. On April 3, 2023, Plaintiff timely filed a First Amended Complaint ("FAC"). Doc. No. 6. The FAC renamed nine of the twelve Defendants from the original Complaint, added a retaliation claim, and realleged all claims presented in the original Complaint except the loss of property and access to courts claims. *Id.*

On April 21, 2023, the Court dismissed the FAC for failure to state a claim pursuant to 28 U.S.C. § 1915A(b). Doc. No. 7. Plaintiff was once again notified of the deficiencies of his pleading and granted leave to amend. *Id.* at 4–13. On June 13, 2023, the Court granted Plaintiff's request for a 60-day extension of time to amend, and the Second Amended Complaint is currently due on or before August 14, 2023. Doc. No. 9.

On July 10, 2023, Plaintiff filed Objections to the Court's Orders screening his complaints, contending that in applying the screening provisions of 28 U.S.C. § 1915A(b) the Court held him to a heightened pleading standard applicable to attorneys but inapplicable to pro se litigants such as himself. Doc. No. 10.

"The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants." *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) (quoting *Boag v. MacDougall*, 454 U.S. 364, 365 (1982)). "It is settled law that the allegations of (a pro se litigant's complaint) however inartfully pleaded are held to less stringent standards than formal pleadings drafted by lawyers." *Id.* (internal quote marks omitted). "However, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled. Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand [screening under 28 U.S.C. § 1915A(b)]." *Ivey v. Board of Regents of University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982)

The Court has applied, and will continue to apply, these liberal construction provisions in screening Plaintiff's complaints. The Court has not, and will not, hold Plaintiff to pleading standards applicable to formal pleadings drafted by lawyers.

Accordingly, Plaintiff's Objections to the Court's screening of his complaints (Doc. No. 10) are **OVERRULED**. Plaintiff is reminded that he has until August 14, 2023, in which to file a Second Amended Complaint which must be complete by itself without reference to any previous version of his Complaint. Any Defendants not re-named and any claims not re-alleged in the Second Amended Complaint will be considered waived. See S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled").

If Plaintiff fails to timely file a Second Amended Complaint, the Court will enter a final Order dismissing this civil action based both on his failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b), and his failure to prosecute in compliance with a court order requiring amendment. See *Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED**.

Dated: July 25, 2023

HON. MICHAEL M. ANELLO
United States District Judge